Steven Wayne FISH, Donna Bucci; Charles Stricker; Thomas J. Boynton; Douglas Hutchinson; League of Women Voters of Kansas, Plaintiffs–Appellees,

v.

Kris W. KOBACH, in his official capacity as Secretary of State for the State of Kansas, Defendant–Appellant,

and

Nick Jordan, Defendant.

Common Cause; Conservative Legal Defense and Education Fund; English First; English First Foundation; Gun Owners of America; Gun Owners Foundation; Policy Analysis Center; Public Advocate of the United States; U.S. Border Control Foundation; and U.S. Justice Foundation, Amici Curiae.

No. 16-3147

United States Court of Appeals, Tenth Circuit.

Filed 09/30/2016

D.C. No. 2:16–CV–02105–JAR–JPO (D. Kansas)

Stephen Douglas Bonney, ACLU of Kansas & Western Missouri, Kansas City, MO, Rodkangyil Orion Danjuma, Dale Ho, Sophia Lin Lakin, American Civil Liberties Union Foundation, Inc., New York, NY, Angela M. Liu, Neil A. Steiner, Rebecca Kahan Waldman, Dechert LLP, New York, NY, for Plaintiffs–Appellees.

Bryan J. Brown, Kris William Kobach, Garrett Roe, Kansas Secretary of State, Topeka, KS, for Defendant–Appellant.

Joseph Brian Cox, Kansas Department of Revenue, Christopher Ray, M. J. Willoughby, Office of the Attorney General for the State of Kansas, Topeka, KS, for Defendant.

Michael R. Connelly, United States Justice Foundation, Ramona, CA, John S. Miles, Jeremiah L. Morgan, Robert J. Olson, William Jeffrey Olson, Herbert W. Titus, William J. Olson, P.C., Vienna, VA, Marc Alan Powell, Powell, Brewer & Reddick, Wichita, KS, Amicus Curiae for ENGLISH FIRST FOUNDATION, ENGLISH FIRST, U.S. JUSTICE FOUNDATION, PUBLIC ADVOCATE OF THE UNITED STATES, GUN OWNERS FOUNDATION, GUN OWNERS OF AMERICA, CONSERVATIVE LEGAL DEFENSE AND EDUCATION FUND, U.S. BORDER CONTROL FOUNDATION, POLICY ANALYSIS CENTER.

Debo Adegbile, Tyeesha Dixon, Jason Hirsch, Joshua Koppel, Derek Woodman, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, DC, Amicus Curiae for COMMON CAUSE.

Before BRISCOE, HOLMES, and McHUGH, Circuit Judges.

## ORDER AND JUDGMENT

Jerome A. Holmes, Circuit Judge

Kan. Stat. Ann § 25–2309(*l*) requires documentary proof of citizenship ("DPOC") for all forms of voter registration. Plaintiffs–Appellees brought suit in the U.S. District Court for the District of Kansas to challenge that law as applied to applicants registering to vote while obtaining or renewing driver's licenses (the "motor voter" process). The motor voter process is mandated and regulated by federal law, specifically section 5 of the National Voter Registration Act (the "NVRA"). Brought under the private right of action

established by the NVRA, 52 U.S.C. § 20510(b), the suit alleged that Kansas's DPOC requirement was preempted by the requirements of NVRA section 5. Plaintiffs–Appellees then filed a motion for a preliminary injunction against Defendant–Appellant Kansas Secretary of State Kris Kobach. They sought to enjoin him from further enforcement of the DPOC requirement as applied to motor voter applications.

The district court granted the preliminary injunction. The court further ordered Secretary Kobach to register persons whose motor voter applications had been suspended or cancelled for failure to provide DPOC. In so doing, the district court held that the Plaintiffs–Appellees had made a strong showing that Kansas's DPOC law was preempted by NVRA section 5, insofar as DPOC was more than the "minimum amount of information necessary" to prevent duplicate registrations and to "enable State election officials to assess the eligibility of the applicant and to administer voter registration and other parts of the election process." § 20504(c)(2)(B). The district court further found that the Plaintiffs–Appellees had demonstrated irreparable harm, that the balance of the equities favored them, and that an injunction would serve the public interest. Secretary Kobach timely appealed to this court.

Exercising jurisdiction pursuant to 28 U.S.C. § 1292, we hold that the district court did not abuse its discretion in issuing the preliminary injunction. Under the facts of this case, section 5 of the NVRA preempts Kansas's DPOC requirement as applied to motor voter applications. Further, under the circumstances present here, no constitutional doubt arises as to whether the NVRA precludes Kansas from enforcing its voter qualifications under the Qualifications Clause of the U.S. Constitu-

tion. Moreover, the district court did not err in finding that the Plaintiffs–Appellees had made a strong showing of irreparable harm, that the balance of equities was strongly in their favor, and that an injunction would serve the public interest. Accordingly, we **AFFIRM** the district court's grant of the preliminary injunction against Secretary Kobach for reasons to be more fully explained in a forthcoming opinion.